IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Juvalian Calvin Patterson,                          Case No. 5:10 CV 1825

                          Petitioner,               MEMORANDUM OPINION
                                                    AND ORDER
              -vs-
                                                    JUDGE JACK ZOUHARY
Keith Smith, Warden,

                          Respondent.

## INTRODUCTION

This matter comes before the Court on *pro se* Petitioner Juvalian Patterson's Petition for Federal Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1).  On August 18, 2010, Petitioner was released from Mansfield Correctional Institution to the supervision of the Ohio Adult Parole Authority on "transitional control" (Doc. No. 8-3 at 102).  Respondent, Warden Keith Smith, moved to dismiss the Petition as moot (Doc. No. 7 at 10).  For the reasons described below, the Court grants the Motion.

## BACKGROUND

In November 2001, Petitioner was charged with aggravated burglary (with firearm specification), robbery, and carrying concealed weapons in the Stark County, Ohio Court of Common Pleas (Doc. No. 1 at 19).  In February 2002, Petitioner pled guilty to all counts (Doc. No. 8-1 at 8).  Petitioner was sentenced to three years for aggravated burglary, a consecutive three-year sentence for the firearm specification, and three years for robbery to be served concurrently with the aggravated burglary sentence (Doc. No. 8-1 at 19–21).  For carrying a concealed weapon, Petitioner was

sentenced to eleven months in prison, to be served concurrently with the aggravated burglary and robbery sentences (Doc. No. 8-1 at 21–22).

In March 2002, Petitioner was given 90 days credit for time served for aggravated burglary (with gun specification), robbery, and carrying concealed weapon conviction (Case No. 2001CR1623) (Doc. No. 8-1 at 28).  Petitioner was also given 34 days credit for time served for complicity to aggravated robbery (with gun specification) (Case No. 2002CR0100) (Doc. No. 8-1 at 29).

In August 2010, Petitioner was released from Mansfield Correctional Institution to the supervision of the Ohio Adult Parole Authority on "transitional control" (Doc. No. 8-3 at 102), and filed the pending Petition the same day.

In December 2010, Petitioner was resentenced pursuant to *State v. Singleton,* 124 Ohio St. 3d. 173 (2009), and ordered to serve a mandatory five-year term of post-release control on his release from prison (Doc. No. 8-3 at 97).

### STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable," and not merely erroneous or incorrect. *Williams*, 529

2

U.S. at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).  Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, and rebuttable only by clear and convincing evidence to the contrary.  *McAdoo v. Elo*, 365 F.3d 487, 493–494 (6th Cir. 2004).

### DISCUSSION

Petitioner disputes his *sentence* but does not contest his conviction (Doc. No. 1 at 3, 8, 12). Since filing the Petition, Petitioner has been released (Doc. No. 8-3 at 102).  Respondent has moved to dismiss, arguing Petitioner's sole claim for relief, seeking additional jail time credit, is moot (Doc. No. 7 at 9–11).  Petitioner has not filed any opposition.

A petition is moot when there ceases to be a case or controversy between the parties and deprives the court of jurisdiction.  *Spencer v. Kemna,* 523 U.S. 1 (1998).  Generally, a criminal conviction carries sufficient collateral consequences to present a live case and controversy despite the petitioner's release from custody.  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  "[A]n inmate who is challenging his *conviction,* where his petition was filed while incarcerated, continues to have a case or controversy after release because there are collateral consequences from his *conviction* such as having lost the right to vote, serve on a jury, hold public office or having future sentence enhanced." *Id.* at 237–38 (emphasis added).  An individual attacking his sentence, but not the conviction, cannot seek habeas corpus relief where the sentence has been fully served and there are no collateral consequences that could be eliminated by a successful attack on the sentence.  *Lane. v. Williams*, 455 U.S. 624, 632 (1982).

Here, Petitioner is not contesting his conviction, but is requesting an adjustment in the calculation of his sentence (Doc. No. 1 at 9–12).  Specifically, Petitioner argues the court violated his

3

Equal Protection Rights by misapplying jail time credit -- by not applying 90 days of credit towards each term (Doc. No. 1 at 9).  Petitioner's sentence of imprisonment has expired.  The calculation of jail time credit to a sentence already served is not a collateral consequence -- Petitioner's post-release control status is irrelevant because the length of his sentence of imprisonment does not influence the length of his post-release control, which is mandated by state statute.  The state court imposed five years of post-release control because Petitioner was convicted of at least one first-degree felony subject to a mandatory five-year period of post-release control.

Petitioner has not presented facts demonstrating his conviction was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

### CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. No. 7) is granted. Furthermore, this Court certifies under 28 U.S.C. § 1915(a), that an appeal from this action could not be taken in good faith and therefore declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 31, 2011

4